IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:11-2064-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DARRELL TITO WASHINGTON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion (ECF No. 1139) for a reduction of his sentence in light of § 404(b) of the First Step Act of 2018[1] as it relates to crack cocaine offenses and retroactive application of the Fair Sentencing Act of 2010.[2]

The First Step Act of 2018 was signed into law on December 21, 2018. One of the changes in the Act relates to the Fair Sentencing Act of 2010 which, among other things, reduced statutory penalties for cocaine base ("crack") offenses.[3] Specifically, § 404 of the First Step Act retroactively applies the reduced penalties under the Fair Sentencing Act to "covered offenses" committed *before* August 3, 2010.

The court that imposed a sentence for a covered offense may on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or the attorney for the government, impose a reduced sentence as if the Fair Sentencing Act of 2010 were in effect

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (enacted Dec. 21, 2018).

[2] Pub. L. 111-220; 124 Stat. 2372 (2010).

[3] Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison).

1

at the time the covered offense was committed. A court may not entertain a motion to reduce a sentence if the sentence was previously imposed or reduced in accordance with the amendments made by the Fair Sentencing Act of 2010 or if a previous motion to reduce the sentence was denied after a complete review of the motion on the merits. Finally, nothing in the Act shall be construed to require a court to reduce any sentence based on the Act's retroactive application of the Fair Sentencing Act of 2010.

The mechanism for bringing First Step Act motion is found at 18 U.S.C. § 3582(c)(1)(B), which states that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). This court's authority for granting an FSA motion is broad. Under this provision, "there is no limiting language to preclude the court from applying intervening case law" when evaluating an FSA motion. *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020). Furthermore, 18 U.S.C. § 3553(a) "sentencing factors apply in the § 404(b) resentencing context." *Id*. at 674. Finally, "the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *Id*.

It does not automatically follow, however, that the sentence must be reduced. Indeed, the First Step Act indicates, in two different sections, that any relief awarded is discretionary with the sentencing court. Under § 404(b) of the First Step Act, the court "may," but is not required to, grant statutory relief. The discretionary nature of the relief is further emphasized in § 404(c) of the First Step Act. Building on the "may" language in § 404(b), this section

provides that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act.

Here, the defendant was convicted of a "covered offense" under § 404 of the First Step Act. In his motion, the defendant raises six assorted grounds for relief, none of which have merit. For the reasons which follow, the motion is respectfully denied.

PROCEDURAL HISTORY

The investigation in this criminal case revealed that the defendant was a mid-level crack cocaine dealer who purchased various quantities of powder cocaine. He then cooked some of the powder cocaine into crack and sold it to either street level dealers or crack cocaine users.

In February 2012, the defendant was named in a 10-defendant, 47-count Second Superseding Indictment charging him in the following counts:

Count 1: Conspiring to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846;

Counts 5, 23: Possessing with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);

Counts 6, 24: Being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e);

Count 25: Using and carrying in relation to, and possessing a firearm in furtherance of, a drug trafficking crime prosecutable in a court of the United States, in violation of 18 U.S.C. § 924(c)(1); and

Counts 34, 42, and 44: Using a communications facility to facilitate a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b).

In January 2012, the government filed an Information pursuant to 21 U.S.C. § 851 notifying the defendant that he was subject to increased penalties, as provided by §§ 841 and 846, based on a prior felony drug conviction from 2004.[4]

After a four day trial in June 2012, the jury found the defendant guilty of all counts except Counts 5 and 6. The jury found the defendant was responsible for the distribution of 5 kilograms or more of cocaine and 280 grams or more of cocaine base. As to Count 23, the jury found that the defendant distributed 28 grams or more of cocaine base.

A Presentence Report (PSR) (ECF No. 701) was prepared by the U.S. Probation Office. The defendant faced a mandatory minimum sentence of 20 years (maximum of life) on Count 1; and a mandatory minimum sentence of 10 years (maximum of life) on Count 23. The maximum penalty on Count 24 was no more than 10 years, and the penalty on Count 25 was 5 years to life which had to run consecutive. The remaining Counts (34, 42, 44) provided for a sentence of not more than 4 years.

The PSR determined the defendant's total offense level was 36 and his criminal history category was I. This yielded a Guideline sentencing range of 240 months imprisonment on all Counts other than Count 25, and a mandatory 60 month consecutive sentence on Count 25.

This court sentenced the defendant to 240 months on all Counts other than Count 25, and a consecutive 60-month sentence on Count 25. The defendant filed an appeal of his

---

[4] The prior felony drug conviction was for possession with intent to distribute crack cocaine on December 18, 2003. The defendant was sentenced on December 2, 2004 to one day (ECF No. 311).

sentence which the Fourth Circuit Court of Appeals affirmed.[5]

The defendant was thus sentenced for a "covered offense" under the First Step Act, and the court will now turn to the merits of the defendant's motion.

## DISCUSSION

The appellate courts have made it clear that under § 404(b) of the First Step Act, a district court may "impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion v. United States*, 142 S.Ct. 2389 (2022); *see also United States v. McDonald*, 986 F.3d 402, 408–09 (4th Cir. 2021).

When imposing a new sentence under this statutory scheme, "a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *Id*. at 409; *see also Concepcion*, *Id*. at *10. District courts retain much discretion in these proceedings, and "the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021).

In this case, the Sentence Reduction Report (SRR) (ECF No. 1143) prepared by the U.S. Probation Office indicated that the First Step Act had no effect on the defendant's mandatory minimum sentence or his Guidelines calculation. The defendant nevertheless has raised six arguments which the court will address in turn. As will be seen below, all of these

---

[5] *See United States v. Washington*, 574 Fed. Appx. 262 (4th Cir. 2014) (ECF. No. 844).

argument are without merit.

### 1. *The Holder Memorandum*

On August 12, 2013, then-Attorney General Eric Holder issued a Memorandum entitled "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases." One part of this Memorandum included a section on when prosecutors should decline to file an information pursuant to 21 U.S.C. § 851.

The defendant contends that under Holder's policy, the government should have declined to seek an enhanced penalty under § 851 due to his prior felony drug conviction.

The defendant was indicted in the Second Superseding indictment on February 22, 2012, which is before the Holder Memorandum was even issued. Therefore, the Holder Memorandum does not apply to the defendant's case.

In his reply memorandum, the defendant contends that on January 29, 2021, the United States Department of Justice (DOJ) reinstated, at least in part, provisions on the Holder Memorandum. It is thus clear that neither directive of the DOJ is applicable to the defendant's case. The defendant was indicted before the Holder Memorandum was issued and to the extent the DOJ has once again changed its policy, it offers the defendant no ground for relief. The Memorandum is merely a directive to prosecutors as to how they should proceed with cases in the future.

### 2. *The Prior Enhancing Conviction*

Section 401 of the First Step Act revised the type of prior convictions that trigger increased penalties under 21 U.S.C. § 841(b)(1)(A) and (B). By its plain terms, however,

§ 401 provides that the amendments made in that section apply retroactively to any offense committed *before* the First Step Act's enactment date only if "a sentence for that offense has not been imposed by the date of said enactment." *Id*. § 401(c). The First Step Act was enacted on December 21, 2018 and the defendant was sentenced prior to that date on January 17, 2013. Because the defendant was sentenced before the First Step Act was enacted, he cannot take advantage of § 401's amendments to the recidivism enhancements.

The defendant's second claim of error warrants extended discussion. Before sentencing, the government filed an Information pursuant to 21 U.S.C. § 851 notifying the defendant that he was subject to an enhanced sentence by virtue of a previous state conviction on his record. Specifically, in 2003, the defendant was convicted of possession with intent to distribute crack cocaine. He received a sentence of one day of confinement with credit for time served. At the time of sentencing in his federal criminal case, his state conviction served as a valid predicate for sentencing under § 851.

The First Step Act, however, changed the definition of such predicate acts, and now requires that a defendant must have served a term of imprisonment of more than 12 months for the conviction to qualify as a predicate act under § 851. Thus, if sentenced today, the defendant would be facing a mandatory minimum sentence of 15 years rather than 20 years. The government brushes aside the defendant's argument with a statement that the change in the § 851 predicate enhancements was expressly deemed to be non-retroactive under the First Step Act passed by Congress.

In his reply, the defendant relies upon the decision of the Fourth Circuit Court of Appeals in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) (non-retroactive sentencing changes to a deserving defendant in compassionate release requests). However, *McCoy* is applicable only to "compassionate release" motions brought under 18 U.S.C. § 3582(c)(l)(A)(i). This statute was expanded by the First Step Act by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. In *McCoy*, the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(l)(A)," and as a result, district courts are "empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230).

Because *McCoy* only expanded a district court's ability to consider "extraordinary and compelling" reasoning in the context of compassionate release motions, its application is inappropriate in any motion based on § 404, as is the case here. Accordingly, while nonretroactive changes in sentencing law may serve as the basis for extraordinary and compelling reasons for use in compassionate releases motions, those same non-retroactive changes offer no support to the defendant's motion. In summation, the defendant's repeated references to *McCoy* miss the mark as *McCoy* is inapplicable to his motion.

In a supplemental filing of August 15, 2022, the defendant also references the recent Supreme Court decision in *Concepcion v. United States*, 142 S.Ct. 2389 (2022). This case altered the calculus to be employed by the court in deciding a First Step Act motion. In short, *Concepcion* requires that district courts recalculate the Guidelines "as if the Fair Sentencing Act's amendments had been in place at the time of the offense." 142 S. Ct. at 2402 n.6. "The district court may then consider postsentencing conduct or nonretroactive changes [in the law] in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.* District courts must, though, "consider intervening changes when parties raise them." *Id.* at 2396. Post-sentencing conduct includes mitigating (e.g., rehabilitation) as well as aggravating (e.g., violence or prison infractions) circumstances.

Although it "is well established that a district court must generally consider the parties' nonfrivolous arguments . . . a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.* at 2404. A district court is not "required to articulate anything more than a brief statement of reasons" that make clear it reasoned through the parties' arguments. *Id*.

"Put simply, the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief. . . . All that is required is for a district court to demonstrate that it has considered the arguments before it." *Id*. at 2405.

9

This court has considered the defendant's argument that nonretroactive changes in sentencing law may have yielded a slightly lower sentence were he to be sentenced today. However, the court is not persuaded that this change warrants a reduction in the defendant's sentence — especially in light of the § 3553(a) factors discussed below.

3.   *Prior Drug Conviction and United States v. Simmons*

As his third argument, the defendant contends that his prior state drug conviction should not qualify as an § 851 enhancement pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), because he did not face the possibility of a sentence exceeding one year. *Simmons* was a case that addressed a unique feature of North Carolina criminal sentencing law. The South Carolina law under which the defendant was convicted, S.C. Code Ann. § 44-53-375(b), carried the possibility of 15 years in prison. The South Carolina state trial judge was not bound by a lack of recidivism finding as was the North Carolina judge of *Simmons*. The fact that the defendant served only one day of his state sentence is of no consequence. The fact remains that he was convicted of an offense that was punishable by a sentence exceeding one year.

4.   *Drug Weights Alleged in the Indictment*

Under this claim, the defendant contends that his indictment was defective for failing to include an element of the offense, i.e., drug weights. He is in error. The Second Superseding Indictment specifically referenced a conspiracy involving "5 kilograms or more of cocaine and 280 grams or more of cocaine base." This argument is therefore rejected.

5. *Fair Sentencing Act of 2010* (FSA-10)

The defendant argues that § 404 of the First Step Act permits the district court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence on certain offenses in accordance with FSA-10. After the statute's enactment, a violation of this section must involve at least 5 kilograms of cocaine, rather than 500 grams, and 280 grams of cocaine base, rather than 28 grams, to trigger the increased penalty range.

The defendant was indicted on February 12, 2012. Count 1 of the second superseding indictment—to which the jury ultimately found the defendant guilty—charged the defendant with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. The defendant was thus charged with, and convicted of, the threshold requirements under FSA-10.

6. *Amendment 782 of the U.S. Sentencing Guidelines (U.S.S.G.)*

The defendant has already asked this court for a reduction in his sentence under U.S.S.G. Amendment 782. He renews the same request in his present motion. As this court stated in its earlier order (ECF No. 1007), a Sentence Reduction Report (SRR) was prepared by the U.S. Probation Office suggesting that Amendment 782 does not apply to the defendant's sentence because the defendant was already sentenced under the statutory penalties provided for by the Fair Sentencing Act of 2010. Thus, for the reasons stated in that earlier order, the defendant is not entitled to relief on this ground.

*§ 3353(a) Factors*

Even though the defendant's sentence would be different if he were sentenced today, the careful examination of the § 3553(a) factors cause this court to exercise its discretion and decline relief in this case. Taking these factors in order, it appears that:

1. *Nature and Circumstances of the Offenses*. As indicated above, the defendant was convicted by a jury of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, possession with intent to distribute 28 grams or more of cocaine base, being a felon in possession of a firearm, possessing a firearm in furtherance of a drug trafficking crime, and 3 counts of use of a communications facility to facilitate the commission of a felony.

The investigation revealed that the defendant was a mid-level crack cocaine dealer who purchased quantities of four and one-half ounces to 500 grams of powder cocaine. He then cooked it into crack and sold it to either street level dealers or crack cocaine users. The defendant was captured on multiple oral intercepts discussing drug deals and search warrants executed at two of the defendant's residences produced evidence of drug dealing activities. The defendant is a convicted felon who has not been pardoned for his crimes and was found to be in possession of a firearm during the commission of his drug dealing activities. At sentencing, the defendant was held accountable for 17,473.89 kilograms of marijuana equivalent. Suffice it to say these are all serious crimes in the District of South Carolina.

2. *History and Characteristics of the Defendant*. The defendant is currently 41 years old, single, and has 8 children. He earned a high school diploma. He was unemployed at

the time of his arrest, but he has experience working as a commercial roofer. The defendant had some unfortunate incidents during his childhood as set out in the PSR. The defendant began using illegal drugs at the age of 13, which continued until his arrest. His overall health is good.

*Post Sentencing Conduct*

The defendant has taken a total of 16 educational and vocational courses in such worthwhile topics as Business, Wellness, Parenting, and Drug Abuse. He also has apparently obtained his GED. The court has not been informed of any disciplinary infractions.

3. *Seriousness of the Crimes*. As evidence by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crime as very serious, fully supportive of a significant sentence.

4. *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*. The court finds a significant sentence is necessary to promote respect for the law and just punishment.

5. *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*. The court finds that a significant sentence is necessary to provide both general and specific deterrents.

6. *Whether the Sentence Protects the Public from Future Crimes of the Defendant*. The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant. The court views this as an important factor to be addressed in considering the present motion.

7. *Need to Avoid Unwarranted Disparity*. Compared with the culpability of similarly situated defendants, the defendant's imposed sentence was and is in line with statutory factors.

## CONCLUSION

The court has carefully considered the relevant statutes and case law, the full record in this matter and the individualized circumstances in this case. The court determines that all grounds of error raised by the defendant lack merit. Moreover, even if one or more issues were meritorious, this court would nevertheless exercise its discretion to decline a sentence reduction after consideration of the § 3553(a) factors indicated above. Accordingly, the defendant's motion (ECF No. 1139) is respectfully denied.

IT IS SO ORDERED.

August 19, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge