IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:11-2064-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DARRELL TITO WASHINGTON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion (ECF No. 1186) for compassionate release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). The defendant seeks a reduction in his sentence due to intervening changes in the law and Sentencing Guidelines relating to 21 U.S.C. § 841 and the resulting disparity that he believes has made his sentence unusually long.

The government has responded in opposition (ECF No. 1189) asserting that the defendant has not shown extraordinary and compelling reasons for a reduction and that the Sentencing Commission exceeded its authority in creating U.S.S.G. § 1B1.13(b)(6). The government also suggests that the § 3553(a) factors heavily counsel against a reduction. The defendant replied to the government's response and this matter is now ripe for review.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find

"extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, a newly amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

Most relevant here, subsection (b)(6) of the policy statement addresses the circumstances in which a sentencing disparity can constitute an extraordinary and compelling reason for relief. Specifically, U.S.S.G. § 1B1.13(b)(6) declares that if a defendant received an unusually long sentence and has served at least 10 years of the term

of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out limitations on changes in the law: Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not seriously challenge the defendant's exhaustion of administrative remedies, although it notes that the defendant filed this motion before receiving a formal denial from the Warden and before 30 days had lapsed as is required for exhaustion purposes. In any event, the court will proceed to review the matters on the merits.

PROCEDURAL HISTORY

In November 2011, the defendant was named in a 10-defendant, 47 Count Superseding Indictment, charging him in the following counts:

| | |
|---|---|
| Count 1: | Conspiring to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; |
| Counts 5, 23: | Possessing with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); |
| Counts 6, 24: | Being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); |
| Count 25: | Using and carrying in relation to, and possessing a firearm in furtherance of, a drug trafficking crime prosecutable in a court of the United States, in violation of 18 U.S.C. § 924(c)(1); and |
| Counts 34, 42, and 44: | Using a communications facility to facilitate a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). |

The government filed an Information pursuant to 21 U.S.C. § 851 (ECF No. 311) notifying the defendant that he was subject to increased penalties, as provided by 21 U.S.C. §§ 841 and 846, based on a prior felony drug conviction. The prior conviction was for possession with intent to distribute crack cocaine for which the defendant was arrested on

December 20, 2003, and sentenced on December 2, 2004 to one day incarceration.[1]

After a four-day trial in June 2012, a jury found the defendant guilty of all counts noted above, except Counts 5 and 6. The jury specifically found that the defendant was responsible for the distribution of 5 kilograms or more of cocaine and 280 grams or more of cocaine base. As to Count 23, the jury found that the defendant distributed 28 grams or more of cocaine base.

A Presentence Report (PSR) (ECF No. 701) was prepared by the U.S. Probation Office using the 2011 Guidelines Manual. The defendant faced a mandatory minimum sentence of 20 years on Count 1 and a mandatory minimum sentence of 10 years on Count 23. The maximum penalty on Count 24 was no more than 10 years, and the penalty on Count 25 was 60 months to life to run consecutive to any other sentence. The remaining Counts (34, 42, 44) provided for a sentence of not more than 4 years.[2]

The PSR determined the defendant's total combined offense level was 34 and his criminal history category was I. When combined with the mandatory minimum sentence required for Count 1, this yielded a Guideline range of 240 months plus a mandatory 60-

---

[1] At a pretrial conference, the court previously dismissed the defendant's request to remove the § 851 enhancement. Counsel for the defendant maintained that an *Alford* plea was entered into for that state charge, thus precluding the use of the prior conviction from serving as a putative predicate offense and avoiding the penalty of a 20-year mandatory minimum sentence. (ECF No. 410).

[2] According to the PSR ¶ 87, Counts 1, 23, 34, 42, and 44 were grouped pursuant to U.S.S.G. § 3D1.2(d) because the offense level is determined largely on basis of the total amount of the substance involved. Count 24 was grouped pursuant to U.S.S.G. § 3D1.2(c) because it embodies conduct that is treated as a specific offense characteristic in the applicable guideline to another count. The defendant was held accountable for 17,473.89 kg of marijuana equivalent. The combined adjusted offense level was 36 and the defendant did not receive any reductions for acceptance of responsibility. The court ultimately sentenced the defendant using an offense level of 34 to account for the powder cocaine to crack cocaine disparity (PSR at ¶ 137).

month consecutive sentence on Count 25. Absent the mandatory minimum term, the Guideline range would have been 188 to 235 months.

This court sentenced the defendant to 300 months imprisonment: 240 months on the counts of conviction and a consecutive 60-month sentence on Count 25, along with a 10-year term of supervision. The defendant has received credit for time served since September 13, 2011, and his projected release date from the Bureau of Prisons is April 18, 2033.

The defendant filed an appeal of his sentence which the Fourth Circuit Court of Appeals affirmed in *United States v. Washington*, 574 Fed.Appx. 262 (4th Cir. 2014). He also filed a motion to vacate his conviction pursuant to 18 U.S.C. § 2255 which this court denied (ECF No. 1053). Finally, this court denied the defendant's first motion pursuant to Section 404(b) of the First Step Act. (ECF No. 1161).

On September 17, 2021, the U.S. Probation Office prepared a Sentence Reduction Report (SRR) (ECF No. 1143) which indicated that the First Step Act of 2018 had no effect on the defendant's mandatory minimum sentence or the Guidelines calculation. The SRR did indicate that absent the mandatory minimum term required by statute, the guideline range would have been 188 to 235 months. Moreover, the SRR noted that under today's laws, the new guideline range, absent any mandatory minimums, would be 151-188 months prior to the addition of the mandatory consecutive 60-month sentence associated with count 25.

The government admits that, if properly calculated today, Washington's new amended guideline range would be 151 to 188 months absent the mandatory minimum

term required by statute. This would include an adjustment under Amendment 782 that Washington previously would not have qualified. Today, the statute would impose a mandatory minimum of ten years plus a 60-month consecutive sentence on Count 25. Stated differently, if sentenced today, Washington would be facing 211-248 months—a potential difference of 7 years and 5 months from his current sentence.

## DISCUSSION

### I. Sentencing Commission Authority

The government initially contends that the defendant's Motion for Compassionate Release should be denied because the Sentencing Commission exceeded its authority in enacting U.S.S.G. § 1B1.13(b)(6) and, therefore, it cannot form a valid basis for granting compassionate release.

In considering the Government's arguments that U.S.S.G. Section 1B1.13(b)(6) is an invalid basis for compassionate release, the Court follows the lead of other courts in this Circuit, which have addressed similar arguments. *See United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *5 (E.D. Va. Feb. 13, 2025); *United States v. Fields*, No. 5:12-CR-00002, 2024 WL 4520353, at *6–*7 (W.D. Va. Oct. 17, 2024). These courts found that the enactment of the Policy Statement, including § 1B1.13(b)(6), are in line with prior Fourth Circuit precedent. *See Spencer*, 2025 WL 572398 (citing *United States v. McCoy*, 981 F.3d 271, 286–87 (4th Cir. 2020); *United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024)); *Fields*, 2024 WL 4520353, at *6–*7 (citing *Davis*, 99 F.4th at 654). The court in *Fields* further explained that Congress presumably reviewed § 1B1.13(b)(6) and (c) during the 180-day period the revised guidelines were under review and took no action. 2024 WL

4520353 at *8. Moreover, Congress retains the authority to take action using its authority to override § 1B1.13(b)(6) and (c) if it believes it runs afoul of the doctrine of the separation of powers and has chosen not to do so. *Id*. Accordingly, this Court likewise finds § 1B1.13(b)(6) and (c) are consistent with the pertinent provisions of existing Federal statutes and thus form a valid basis for seeking compassionate release at this time. Thus, the court will proceed to analyze Defendant's motion on the merits.

## *II. Changes in the Law*

Washington bases his request for compassionate release on a change in the law which would result in a shorter term of incarceration if he were sentenced for the same crimes today. Specifically, the defendant argues that his mandatory minimum sentence of 20 years (240 months) was based upon the government's punitive use of a prior state drug conviction to create an enhancement under 21 U.S.C. § 851. [3] He further argues that under current law, the prior state conviction used to enhance his sentence no longer qualifies as an § 851 predicate such that if sentenced today, his mandatory minimum sentence would be 10 years instead of 20 years. As conceded by the government, Washington is correct on this point.

In 2012 when the defendant was sentenced, 21 U.S.C. § 841(b)(1)(A) provided for a 15-year mandatory minimum sentence based on the drug quantities the defendant was held accountable for. If a defendant had a prior conviction for a felony drug offense, then

---

[3] The defendant opposed the use of the enhancement shortly after the government filed the Information in 2012. As noted in an earlier footnote, the court denied the defendant's motion to strike the use of the state conviction in the § 851 enhancement.

the 15-year mandatory minimum sentence was increased to 20 years. Under current law, in order to trigger the increased mandatory minimum sentence under § 841(b)(1)(A), a defendant must have a prior conviction for a "serious drug felony." And, in order to qualify as a "serious drug felony," a defendant must have served a term of imprisonment of more than 12 months for the prior offense. [4]

Here, the defendant's 2004 state conviction resulted in a one-day sentence and thus, it does not now meet the "12 month" requirement to be considered a "serious drug felony." So, if sentenced today, Washington would not be subject to an enhanced mandatory minimum under § 841 and § 851. Moreover, the base mandatory minimum is now 10 years, as opposed to the 15-year mandatory minimum in place when Washington was sentenced.

When sentenced, the mandatory minimum 240-month sentence on Count 1 exceeded Washington's original guidelines calculation and thus became his sentencing range. When combined with the mandatory, consecutive 60-month sentence on Count 25 (firearm), his total sentence became 300 months. However, if sentenced today, the mandatory minimum 120-month term on Count 1 would be less than his applicable guidelines range. Under today's laws, a total offense level of 34 (with a criminal history category of I) results in a guideline range of 151 to 188 months. When accounting for the

---

[4] A "serious drug felony" is defined as an offense (A) involving manufacturing or distribution (or intent to do either) of a federally controlled substance in violation of state or federal law for which the maximum sentence is at least ten years, (B) for which the defendant served more than 12 months of imprisonment, and (C) for which the defendant was released "from any term of imprisonment . . . within 15 years of the commencement of the instant offense."

mandatory, consecutive 60-month sentence on Count 25, Washington would face a range of 211-248 months under today's laws.

This then begs the question of whether a potential seven and half year difference in the sentence being served and the sentence likely to be imposed today constitutes a gross disparity. The court finds such a difference to be grossly disproportionate and therefore Washington's current sentence is "unusually long." *See United States v. Crawley*, No. 24-6257, 2025 WL 1634789, at *4 (4th Cir. June 10, 2025)("[W]e accept that this 8-year disparity does constitute a 'gross disparity' under the policy statement."). Additionally, Washington has served over ten years of imprisonment. Accordingly, Washington has presented an extraordinary and compelling reason to support his compassionate release motion.

The inquiry does not end here, however. Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must consider the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations adopted).

### III. *Sentencing Factors under 18 U.S.C. § 3353(a)*

The defendant states that he is not seeking release, but rather a reduction in his sentence to align with the sentence that would be imposed if he were sentenced today. The defendant contends that the government makes a blanket argument that the § 3553(a) factors weigh heavily against release. He notes the government's two reasons for this argument are: (1) that the defendant committed the instant offense after serving a single

day in jail eight years prior; and (2) that the defendant received an incident report for possessing a cell phone in prison.

The defendant suggests that he has had exemplary conduct in prison. He states that he is now 45 years old and that the BOP has placed him at the lowest security level possible at a minimum security camp without fences. He contends that his rehabilitation has been genuine and sincere and that he no longer presents a danger to the community.

The court agrees that Washington is entitled to some relief after a full consideration of the § 3553(a) factors. The court notes that Washington has received a disciplinary infraction for possessing a cell phone. However, a single infraction in the 14 years of incarceration is hardly the type of disciplinary record which would bar a defendant from compassionate release. Additionally, the court acknowledges that Washington received a lenient sentence for his prior conviction. However, Washington had a criminal history category of I—the lowest possible score. Accordingly, his prior conviction has already been accounted for and his lenient sentence for that single count of conviction does not override the court's consideration of the remaining factors which are discussed below.

    1. *Nature and Circumstances of the Offenses*. The defendant was convicted by a jury of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base; possession with intent to distribute 28 grams or more of cocaine base; being a felon in possession of a firearm; possessing a firearm in furtherance of a drug trafficking crime; and 3 counts of use of a communications facility to facilitate the commission of a felony.

The investigation revealed that the defendant was a mid-level crack cocaine dealer who purchased quantities of four and one-half ounces to 500 grams of powder cocaine. He then cooked it into crack and sold it to either street level dealers or crack cocaine users. The defendant was captured on multiple oral intercepts discussing drug deals and search warrants executed at two of the defendant's residences produced evidence of drug dealing activities. The defendant is a convicted felon who has not been pardoned for his crimes and was found to be in possession of a firearm during the commission of his drug dealing activities.

At sentencing, the defendant was held accountable for 17,473.89 kilograms of marijuana equivalent. Suffice it to say these are all serious crimes in the District of South Carolina. However, even a sentence reduced to the now applicable guidelines remains sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

2. *History and Characteristics of the Defendant*. The defendant is currently 45 years old, single, and has 8 children. He earned a high school diploma. He was unemployed at the time of his arrest, but he has experience working as a commercial roofer. The defendant had some unfortunate incidents during his childhood as set out in the PSR. The defendant began using illegal drugs at the age of 13, which continued until his arrest. His overall health is good.

*Post Sentencing Conduct*

The defendant has taken a total of 16 educational and vocational courses in such worthwhile topics as Business, Wellness, Parenting, and Drug Abuse. He also has

apparently obtained his GED. As stated above, the government has reported one infraction relating to the possession of a cell phone. The court has not been informed of any other disciplinary infractions.

    3. *Seriousness of the Crimes*. As evidence by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crime as very serious, fully supportive of a significant sentence. As stated above, even a sentence reduced to the now applicable guidelines remains sentence proportionate in seriousness with crime committed.

    4. *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*. The court finds a significant sentence is necessary to promote respect for the law and just punishment.

    5. *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*. The court finds that a significant sentence is necessary to provide both general and specific deterrents.

    6. *Whether the Sentence Protects the Public from Future Crimes of the Defendant*. The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant. However, defendant is now 45 years old and classified as a low security risk. Accordingly, a sentence extended above the current guidelines is unnecessary to protect the public.

    7. *Need to Avoid Unwarranted Disparity*. Compared with the culpability of similarly situated defendants, a sentence reduced to the now applicable guidelines is in line with statutory factors.

CONCLUSION

This court has conducted an individualized review of the facts in this case, including the offense of conviction, the § 3553 factors, the defendant's post sentencing conduct, and the recent changes in sentencing laws, and has determined that the defendant has presented and extraordinary and compelling reason justifying relief. Accordingly, the defendant's motion for compassionate release (ECF No. 1186) is granted.

For the reasons outlined above in this order, the custodial portion of the defendant's sentence is reduced to 211 months.[5] All other provisions of the original sentence, including those related to supervised release, remain in full force and effect.

IT IS SO ORDERED.

July 8, 2025    Joseph F. Anderson, Jr.
Columbia, South Carolina    United States District Judge

---

[5] This consists of 151 months as to counts 1 and 23; 120 months as to count 24; 48 months as to counts 34, 42 and 44 all to run concurrently to each other and 60 months as to count 25, which shall run consecutively to all counts.